JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – SAN DIMAS, LLC<br>　　　Plaintiff,<br><br>　　　　v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br>　　　Defendant. | Case No.: CV 17-78 DSF (SSx)<br><br>Findings on Review of Administrative Record |

　　　This matter is before the Court for review of a denial of a Medicare payment claim by the Secretary of Health and Human Services. The underlying facts are not in dispute. A Medicare beneficiary, E.G., an 82-year-old woman, went to Plaintiff's emergency department after suffering a fainting episode at her home during which she briefly stopped breathing and experienced incontinence. E.G. had a history of fainting episodes, stroke, and high cholesterol. By the time E.G. arrived at the emergency room, she was stable. E.G. was found to have mild anemia and low potassium, but her laboratory work showed no significant problems. A chest x-ray, EKG, and brain CT were all normal. The treating physician ordered treatment for the potassium issue, more blood testing, a carotid ultrasound, and an ultrasound echocardiogram of the heart. E.G. was then admitted to Plaintiff's

hospital as an inpatient. The stated reason for admission was "further observation and management." <u>See</u> AR 174.

Plaintiff's Medicare claim for the hospital stay was initially paid. A Medicare audit contractor later found Medicare should not have reimbursed the inpatient hospital stay. This finding was affirmed by an Administrative Law Judge. Plaintiff now challenges the ALJ's findings as arbitrary, capricious, and contrary to law under the Administrative Procedures Act.

Where, as here, the Medicare Appeals Council did not review the ALJ's decision, the ALJ's opinion stands as the final decision of the Secretary of Health and Human Services. The Secretary's decision will only be reversed if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or is "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (E). To meet the "arbitrary and capricious" standard, Plaintiff must show that "the agency relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." <u>Managed Pharmacy Care v. Sebelius</u>, 716 F.3d 1235, 1244 (9th Cir. 2013). "This standard of review is highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." <u>Independent Acceptance Co. v. California</u>, 204 F.3d 1247, 1251 (9th Cir. 2000).

Plaintiff's belated request for judicial notice is denied. Review of administrative decisions is typically limited to the administrative record, and Plaintiff has provided no persuasive reason why the administrative record should be supplemented here. Further, the complete deposition transcript at issue has not been provided and there is no context given for the testimony.

The underlying case in which the deposition was taken appears to involve an entirely different issue – the type of administrative review given to certain types of claims – not proper Medicare billing and reimbursement.

Returning to the merits, the ALJ's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, nor was it unsupported by substantial evidence. There is ample evidence in the record that E.G. was admitted as an inpatient for monitoring that could and should have been done on an outpatient basis. At the very least, there is no evidence in the record that compels the conclusion that the monitoring had to be done on an inpatient basis.

Plaintiff repeatedly asserts that inpatient admission for more than 24 hours was needed, but the only evidence of that is that E.G. was actually admitted for that period of time. "Review of the medical record must indicate that hospital care was medically necessary, reasonable, and appropriate for the diagnosis and condition of the beneficiary at any time during the stay, and that the stay was appropriate for Medicare Part A payment." Medicare Program Integrity Manual, Ch. 6, § 6.5.2. While the treating physicians believed E.G.'s situation was serious enough to warrant observation, it was reasonable for the ALJ to conclude that E.G. was not in any immediate need of inpatient admission.[1] Outpatient observation at the hospital would have allowed for quick inpatient admission if E.G.'s condition declined while on observation. Again, Plaintiff *asserts* that E.G. needed services to be administered on an inpatient basis, but it fails to provide

---

[1] Contrary to Plaintiff's argument, the Court does not read the ALJ to have relied on post-admission information to judge the appropriateness of the initial admission. The ALJ appears to have discussed the lack of complications during stay to show that inpatient care did not become necessary later in the stay.

3

evidence in support of that other than the fact of admission. Plaintiff has certainly not provided evidence that compels the conclusion that inpatient admission was appropriate under the circumstances.

While E.G. did remain in the hospital's care for more than 24 hours, Medicare policy anticipates outpatient "observation services" that can last as long as 48 hours if the patient requires monitoring but not immediate inpatient admission.  See Medicare Program Policy Manual, Ch. 6, § 20.6(A).  Plaintiff's citation of the Milliman criteria is not determinative because Medicare has stated that it is not bound by such criteria and there is no indication that E.G.'s treating or admitting physicians relied on the Milliman criteria on admitting E.G. as an inpatient.[2]  No reference to the Milliman criteria was made on the admitting materials, and the Milliman criteria form in the record has an illegible signature and no date.  AR 171.

Plaintiff could have its liability for the cost of services limited if it "did not know, and could not reasonably have been expected to know, that payment would not be made for such services."  42 U.S.C. § 1395pp(a).  The ALJ rejected limitation of liability and that decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, nor was it unsupported by substantial evidence.  Both the stated reason – and the only apparent reason – E.G. was admitted as an inpatient was for observation that the ALJ reasonably concluded could and should have been done on an outpatient basis.  Plaintiff has made no showing that E.G. was expected to receive treatment that made inpatient admission a medical necessity.  Plaintiff's own expert

---

[2] In fact, there appears to be no evidence in the record why the treating ER physician and the admitting physician believed inpatient treatment was appropriate instead of outpatient monitoring.

4

provided no support for the inpatient admission other than his *ipse dixit* statements that "I can't see how this is what would be considered observation. I believe this case strongly inpatient [sic]," and "I think anticipation what could happen [sic] to the patient and the diagnosis is part – is an important part of this case. So I believe that the presentation speaks for itself." AR 202:8-10, 204:16-19. In these circumstances, it was reasonable for the ALJ to conclude Plaintiff could have been reasonably expected to know that it would not be compensated for inpatient admission.

The decision of the Secretary is AFFIRMED.

IT IS SO ORDERED.

Date: 3/16/2018

                                            Dale S. Fischer
                                            United States District Judge